UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSE BRAVO,

                            Plaintiff,

      -against-

HUDSON VALLEY DIALYSIS CENTER INC.,

                            Defendant.
---------------------------------------------------------------x

ECF CASE

**05 CIV. 4808**

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

Index No.

Assigned Judge:

**ROBINSON**

    Plaintiff, Jose Bravo, by and through his attorney, Paul N. Cisternino, Esq., as and for his complaint, alleges as follows:

## INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically the Americans with Disabilities Act of 1990 ("ADA") and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

    3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, retaliated against and illegally terminated based on disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written dismissal from the Commission and it has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a forty-seven year old male who resides in Westchester County.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and the New York State Human Rights Law, employing more than 15 individuals, which presently does business within the State of New York.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff began working for Defendant as a cleaner in early 2003.

11. Plaintiff suffers from "familial spastic paraparesis," a degenerative neurological condition which, among other things, causes him problems ambulating.

12. During his period of service with Defendant, Plaintiff's condition has not prevented him from performing the essential functions of his position and he has always performed his assigned duties in a competent manner.

13. Plaintiff's physician, Yves A. LeBrun, M.D., who examined Plaintiff in May 2003, had informed him that work days longer than eight hours would potentially worsen his condition.

14. Dr. LeBron indicated in writing in November 2003 that Plaintiff should work no more than eight hours per day; Plaintiff submitted this letter to Defendant in or about that time.

15. Upon initially being hired, Plaintiff's daily work hours were from 8 a.m. to 4 p.m.

16. However, during 2003, Plaintiff's supervisor, Ms. Leela Mathai, arbitrarily changed his schedule to Mondays, Wednesdays and Fridays from 9 a.m. to 7 p.m. and Saturdays from 8 a.m. to 6 p.m.

17. This schedule, with its irregular and longer days, caused Plaintiff various health problems and negatively effected his neurological condition.

18. Although Plaintiff repeatedly requested it, Ms. Mathai refused to

3

accommodate Plaintiff's condition and refused to give him a steady schedule.

19. After submitting Dr. Lebron's letter, although Plaintiff was provided with a schedule of eight hour days, they were at varying times during the day; some days Plaintiff started at 8 a.m. and others at 11 a.m.

20. Plaintiff repeatedly asked that Defendant accommodate him in some way which would allow him to deal with his medical issues while meeting his job requirements; however, Defendant never sought to accommodate Plaintiff in any manner.

21. Upon information and belief, other non-disabled employees of Defendant were provided with regular work schedules.

22. This almost daily conflict to get an accommodation for his illness was stressful for Plaintiff and on August 6, 2004 he suffered an anxiety attack and was forced to visit the White Plains Hospital Center's Emergency Room, where he was prescribed several anti-stress and depression medications and told to stay out of work for seven days.

23. On August 18, 2004, after having complained yet again and mentioning the ER visit, Plaintiff was told that he would get the schedule requested.

24. Plaintiff was never given this schedule.

25. Defendant terminated Plaintiff's employment without adequate explanation on August 20, 2004, upon information and belief, because of his disability or because he opposed their discriminatory practices and complained of their not providing him with an adequate accommodation.

26. At the time of his termination, Plaintiff was making $8.24 per hour for a 37.5-hour workweek; Defendant also refused to pay Plaintiff's accrued vacation.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO THE AMERICANS WITH DISABILITIES ACT OF 1990

27. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the ADA in that Plaintiff was disparately treated and terminated based on his disability.

29. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated based on his disability.

32. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

33. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as though fully set forth herein.

34. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment, opposing Defendant's discriminatory practices and/or seeking a reasonable accommodation for his medical condition.

35. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

36. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as though fully set forth herein.

37. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment, opposing Defendant's discriminatory practices and/or seeking a reasonable accommodation for his medical condition.

38. As herein described, the Defendant acted with malice or with reckless

disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jose Bravo, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined.

2. Award reasonable attorney's fees and the costs of this action.

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
May 19, 2005

                                              Law Offices of Paul N. Cisternino, P.C.
                                              *Attorneys for Plaintiff*
                                              By: _____
                                                    Paul N. Cisternino (PC0317)
                                            701 Westchester Avenue  Suite 308W
                                            White Plains, New York  10604
                                            (914) 997-0303

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF WESTCHESTER    )

JOSE BRAVO, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
JOSE BRAVO

Subscribed and sworn to before me this
19th day of May, 2005.

_____
Notary Public

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

EEOC Form 161 (3/98)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Jose Bravo<br>16 North Broadway, Apt. 5-T<br>White Plains, NY 10601 | From: | Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-00152 | Legal Unit | (212) 336-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     2/28/05
Spencer H. Lewis, Jr., District Director     (Date Mailed)

Enclosure(s)

cc:    **Hudson Valley Dialysis Center, Inc.**
       **(Respondent)**